LANDON and INGALLS, JJ., concur.

---

In the Matter of Charges against PATRICK GROGAN, Police Justice, etc.

*N. Y. Supreme Court, Third Department, General Term, May 27, 1889.*

1. *Police Justice. Application to remove.*—A police justice will not be removed, where the specific acts are denied, and the denial is supported by proof enough to countervail the petitioner's affidavits.
2. *Same. Evidence.*—On such application, it is not irrelevant for the defendant to show that he has discharged his judicial duties honestly, impartially and well, when his removal is sought on the ground of intoxication.
3. *Same. Reference.*—A reference, under chap. 354, Laws of 1880, will not be ordered, where, on examination of all the papers, the charges appear to be substantially answered.

*Esek Cowan* and *Eugene Burlingame*, for relators.

*John H. Gleason* and *Edwin Countryman*, for defendants.

PER CURIAM.—These charges are presented by John H. Hulsapple and Tuyus Dodds. One of the charges is an alleged neglect to pay over fines. The residue, and by far the greatest part, is alleged intoxication. As to the neglect to pay fines there are no supporting affidavits. The charges as to intoxication specify twenty-two days in 1887; twenty-five days in 1888; and five days in 1889. As to intoxication, the supporting affidavits specify two days in 1887; three in 1888; and three in 1889. So far as can be discovered from an examination of the papers, none of the days mentioned in the supporting affidavits are identical with those mentioned in the charges.

In reply, the respondent first produces an affidavit of John H. Hulsapple stating, in substance, that he signed the petition under misstatements made to him, and in the excitement of a political defeat; that he retained no one to present the petition; that he thinks the allegations (or some of them), in the supporting affidavits are unworthy of credit and that he withdraws the petition and charges.

The respondent produces his own affidavit, contradicting the alleged charges. He produces affidavits tending to contradict the allegations as to non-payment of fines collected. He produces affidavits contradicting the allegations of intoxication on the days specified in the supporting affidavits. Some of these are made by the keepers of saloons where the intoxication is alleged to have taken place. Some are by persons who testify that on the days specified, the respondent was elsewhere and in their company. In one instance, where one of the supporting affidavits charged that respondent was carried home, intoxicated, by a certain physician, the affidavit of the physician, denying such occurrence, is produced. The respondent also produces affidavits attacking the character and credibility of the affiants to the supporting affidavits, and charges that they are influenced by personal hostility on account of his judicial acts. He also produces very numerous affidavits from citizens of respectability, and from persons holding important offices, to the effect that he has discharged the duties of his office with fairness, honesty and fidelity. These affidavits of respondents amount in number to more than 270. We have attempted only to give a brief summary of their general character.

It is evident that on these papers we could not remove the respondent, for the specific acts are denied and the denial is supported by proof enough to countervail the petitioner's affidavits.

But the petitioners ask that the matter should be referred to a referee, before whom they say (or the petitioner says)

they will be able to produce proof which they cannot obtain otherwise, and will be able to cross-examine the witnesses of the respondent, and to sift out the facts of the case. The petitioners also say that all the affidavits produced by the respondent showing his faithful discharge of duty, are immaterial to the question here involved, which, they say, is simply whether he has been intoxicated as charged, and, perhaps, whether he had failed to pay over fines. Now, of course, the removal of a person from his office has reference principally to his official misconduct. Men have held judicial positions, and have discharged their duties faithfully, whose private lives have, unfortunately, not been above reproach.

And these applications for the removal of officers are really made (or should be considered to be made) in the interest of the public. So that we cannot think it altogether irrelevant to the present question to show that the respondent has performed the duties of his office well. Certainly, if the petitioner had shown any intoxication while in the discharge of the duties of his office, that would have been a very serious charge. For it is evident that intoxication in a judicial officer, when he is not on the bench, however unseemly, is a far less offense towards the people than intoxication, when he is actually discharging judicial functions. We do not, therefore, think that it was immaterial for the respondent to show that he has discharged his judicial duties honestly, impartially and well.

The charge of not paying fines, does not seem to be pressed. And the facts, in that respect, could have been obtained and presented by affidavits; at least so as to put the matter in doubt. This has not been done.

It is in regard to the charges of intoxication, specially, that the petitioners desire a reference ; claiming that their papers and the respondent's should be taken as pleadings, and that the trial should now be ordered, under chapter 354, Laws 1880. That chapter gives the power to order a refer-

ence, but does not require this.   A reference is not to be had, as a matter of course, or in every instance where there are conflicting affidavits.   If, on examination of all the papers, the charges appear to be substantially answered, it is not just to the respondent or to the people, that the proceedings should go any further.   He and they have a right that specific and definite charges should be made, so that they may be answered, if possible.   If the answer is evasive or uncertain, it may then be proper to continue the inquiry.

We had occasion, on a former proceeding, to point out the evils which would necessarily arise from such a reference, in weakening, during its continuance, the authority of the magistrate, and in giving to those whom he should sentence, an opportunity to revenge themselves.   Unless, therefore, we are satisfied that the charges are so sustained as to strongly demand further investigation, we think that the public would not be benefitted by proceeding with a reference.

Something was said on the argument about alleged frauds in the recent election, at which the respondent was re-elected.   Nothing is before us on that matter, and nothing of that kind can be considered.   Those frauds, if any, must be redressed in another and different proceeding.

It is not necessary for us to go into any detailed recital of the affidavits produced before us.   They are, as we have already mentioned, voluminous.   To state the contents of all of them would be a great and useless labor; and to state the contents of a few might give an unfair impression of the whole.   After a careful consideration of all the evidence, we are satisfied that we ought not to order a reference.

Motion for reference denied, and charges dismissed.